ESTATE OF BLANCO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 45.—Decided February 1, 1910.

CURING DEFECTS IN RECORD—SHOWING THAT JUDGMENT IS FINAL.—When a document is presented at the registry to cure a defect in a previous title, the registrar must confine his action to a classification of the document, to determine whether or not the defect previously recorded in the deed may be cured, but he must not attempt to determine the validity or the nullity of the instrument theretofore recorded, since this is exclusively within the power of the courts, as has been held repeatedly by the General Directorate of Registries.

ID.—MANNER OF CURING DEFECTS.—In accordance with section five of the law governing appeals from decisions of registrars of property, approved March 1, 1902, the fact that a defect is cured must be shown by a marginal note entered in the record subject to the defect.

The facts are stated in the opinion.

*Mr. Benedicto* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

On October 8, 1909, there were presented to the assistant registrar of property of this district, certified copies of a judgment and of a decision rendered in an action which the

appellants prosecuted for the purpose of obtaining, as they did, an order for the cancellation of all mortgages and liens and notes of all kinds made thereof, in the books of the said office, encumbering an estate belonging to Julián E. Blanco.

Said registrar wrote the following memorandum at the foot thereof:

"The cancellation directed in the foregoing order has been made at folio 132, reverse side, of volume eight of the *ayuntamiento* of Loiza, estate No. 20, sextuplicate, record 25, and by a note in the margin opposite the first record of estate No. 20, of folio 84 of volume one of said *ayuntamiento*, in which record and note the curable defect has been noted that it has not been stated whether the judgment ordering the cancellation has become final. San Juan, Porto Rico, October 12, 1909. Rafael Tirado Verrier, Assistant Registrar."

On November 24, 1909, the petitioners sought to cure the defect indicated and presented, to this end, a certificate issued by the secretary of the District Court of San Juan, to the effect that the judgment referred to in the foregoing decision had become final, owing to the lapse of more than 30 days since October 5, 1909, when it had been rendered, without any appeal whatsoever having been taken therefrom.

Then the registrar of property of the first section of this district rendered the following decision:

"The correction of the defect referred to in the memorandum of the record of the deed, which is attached hereto, is denied, because the foregoing document does not show that the judgment, contained in the previous document, was final as required by article 82 of the Mortgage Law, when the cancellations referred to in the memorandum were made; but, on the contrary, this certificate shows that when said records were made the judgment which ordered them lacked this essential requisite; and, therefore, the cancellations made by virtue thereof contain a defect which annuls them by reason of the inefficiency of the instrument recorded, in accordance with the provisions of subdivision one of article 99 of the Mortgage Law. In lieu thereof a cautionary notice is entered effective for the legal term in the margin of the records to which the said previous decision refers. San Juan, P. R., December 1, 1909. José S. Belaval, Registrar."

This appeal was taken from said decision.

There is no doubt that the registrar is correct in stating that the document last presented shows in an evident manner that the judgment contained in the first document was not fina'. So that to this exent we agree with his decision absolutely. But the fact is that the decision appealed from goes further and here we do disagree with the registrar of property, because he should have confined himself at the utmost, in view of the present amendment relating to appeals, to classifying the document in order to deduce whether it could or could not correct the defect with which the first document was recorded and abstaining from classifying the validity or nullity .of another instrument which had. already been recorded, because that is an exclusive power of the courts, as the Directorate of Registries has held on a number of occasions.

In this case the cancellations had already been made in the books of the registry with a curable defect and that state of right must now be respected and it can be changed only in the form and by the means prescribed by the laws.

For the present nothing can be done except to apply the provisions of section five (*sic*) of the act relating to appeals from decisions of registrars of property approved March 1, 1902, embodied in the Revised Statutes under section 803 (*sic*). It provides as follows:

"Informal defects, if capable of correction, shall not constitute a legal ground for refusing to record or to enter any document presented which constitutes a muniment of title, or constitutes or removes a charge against real estate. The record of any such document shall contain a reference to the defects in it, and if at any subsequent time a document be presented for the purpose of curing the defects existing in the previous document, it shall be recorded and a marginal note of the correction of the defect shall be made on the record or entry of the first document."

On these grounds the second decision of December 1, 1909, of the registrar of property of the first section should be re-.

versed, and it should be held that the defect noted by the registrar in his first decision should be cured in the manner provided for in the aforementioned act.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.